EDWARDS MANUFACTURING COMPANY, in equity,

*vs.*

WILLIAM SPRAGUE, trustee, and others.

ZACHERIAH CHAFEE, trustee, *vs.* Same.

Kennebec.    Opinion February 27, 1884.

*Removal of causes.    Practice.*

Suits in equity, not related in any way to the provisions of the bankrupt law, in which the only effective relief sought is an injunction to stay proceedings in an action pending in the state court and prevent the levying of an execution issuing therefrom, are not removable to the circuit court of the United States on petition of the plaintiff in the action at law before injunction issued.

Exceptions allowed by the presiding justice, to his orders refusing a petition for removal of a suit into the circuit court of the United States, are to be considered and the questions of law raised determined by the law court.

ON EXCEPTIONS.

The opinion states the material facts.

*Baker, Baker and Cornish*, for the plaintiffs, cited : *Mahone* v. *R. R.* 111 Mass. 74; *Amory* v. *Amory*, 95 U. S. 187 ;. *Removal Cases*, 100 U. S. 457; *Stone* v. *Sargent*, 129 Mass. 503; *R. R.* v. *McAlister*, 15 Rep. 761; *Jackson* v. *Gould*, 74 Maine, 564; *Carswell* v. Schley, 59 Ga. 19 ; *Commonwealth* v.. *Casey*, 12 Allen, 214; *Morton* v. *Ins. Co.* 105 Mass. 141 ;. *Bryant* v. *Rich*, 106 Mass. 180; *Sewing Machine Co.* v. *Grover & Baker Co.* 110 Mass. 70; *Galpin* v. *Critchlow*, 112· Mass. 339; *Gordon* v. *Green*, 113 Mass. 259; *Du Vivier* v.. *Hopkins*, 116 Mass. 125 ; *N. Y. Co.* v. *Loomis*, 122 Mass. 431 ;. *Pechner* v. *Ins. Co.* 65 N. Y. 195 ; *Ex parte Wells*, 3 Woods,. 131 ; *McWhinney* v. *Brinker*, 64 Ind. 360 ; *Ins. Co.* v. *Green*,. 52 Miss. 332; *Fashnacht* v. *Frank*, 23 Wall. 416 ; *Ins. Co.* v. *Pechner*, 95 U. S. 183 ; *Peck* v. *Jenness*, 7 How. 612 ; *Freeman* v. *Howe*, 24 How. 450 ; *Randall* v. *Howard*, 2 Black, 585 ;.

*Nougue* v. *Clapp*, 101 U. S. 554; *Hines* v. *Rawson*, 40 Ga.
356; S. C. 2 Am. R. 581; *Sayer* v. *Gas Light Co.* 14 Fed.
Rep. 69; *Ruggles* v. *Simonton*, 3 Biss. 325; *Fisk* v. *Un. Pac.
R. R.* 6 Blatch. 362; *Rogers* v. *Rogers*, 1 Paige Ch. 183; U.
S. R. S., § 720; *Watson* v. *Jones*, 13 Wall. 679; *Haines* v.
*Carpenter*, 91 U. S. 254; *Dial* v. *Reynolds*, 96 U. S. 340;
*The Slaughter House Case*, 1 Woods, 21; *Moore* v. *Holliday*,
4 Dill. 52; *Bridges* v. *Sheldon*, 7 Fed. Rep. 45; *Wire Co.* v.
*Wheeler*, 11 Fed. Rep. 206; *Missionary Co.* v. *Hinman*, 13
Fed. Rep. 161; *Diggs* v. *Walcott*, 4 Cranch, 179; *R. R.* v.
*Whitton*, 13 Wall. 287; *Bondurant* v. *Watson*, 103 U. S. 281;
*Perry* v. *Sharpe*, 8 Fed. Rep. 23; *Smith* v. *Schwed*, 6 Fed.
Rep. 455.

*Edmund F. Webb and Appleton Webb*, with whom was
*Benjamin F. Butler*, for the defendants.

This is not an ancillary proceeding. It is a " suit of a civil
nature, at law or in equity," which is removable as described in
§ 2. The right of removal attaches where suit was brought to
obtain an injunction against a citizen of another State. *Fisk* v.
*Chicago, R. I. & P. R. R. Co.* 53 Barb. 472; 3 Abb. Pr. N.
S. 453; *Stewart* v. *Mordecai*, 40 Ga. 1.

It lies where the object of the bill is to restrain the respond-
ents. *Taylor* v. *Rockfeller*, 25 Pitts. L. I. 137; *Upton* v.
*New Jersey S. R. R. Co.* 25 N. J. Eq. 372. In *Stone* v.
*Bishop*, 4 Cliff. 593 (1878) jurisdiction was assumed, although
one of the parties respondent was a citizen of the same state as
the complainant, it appearing that the suit was auxiliary to the
original suit commenced, and still pending between citizens of
different states. This case, determined in this circuit, is exactly
in point, and seems to be conclusive against the complainants'
position that this is an ancillary suit and not removable, because
the federal court would not have jurisdiction. Where a suit at
law was brought in a state court, and while it was pending a suit
in equity, relating to the same matter, was brought in the same
court, and the defendant removed the suit into the federal court,
it was held that the suit in equity was an original suit and was

properly removable.   *Charter Oak Fire Ins. Co.* v. *Star Ins. Co.* 6 Blatchf. 208.

Where a citizen of one state filed a petition in a court of the state of which he was a citizen against a citizen of another state, to restrain the execution of a judgment obtained in the state court of the latter against the former, such cause was removable to the federal court, under the act of March 3, 1875, notwithstanding the fact that the federal courts were prohibited, by § 720 of R. S. from granting an injunction to stay proceedings in a state court.   *Watson* v. *Bondurant*, 2 Woods, 166.

The fact that a suit is connected with and grows out of matters litigated in a state court, does not prevent the federal court from taking jurisdiction in case.   *Hatch* v. *Preston*, 1 Biss. 19.   A party brought into a state court by an order to inter-plead, may remove the cause.   *Postmaster-general* v. *Cross*, 4 Wash. C. C. 326; *Martin* v. *Taylor*, 1 Wash. C. C. 1; *Freeman* v. *Howe et al.* 24 Howard, 450; only maintains that a suit of this kind is ancillary to the original suit, when the bill is filed on the equity side of the same court in which the suit at law is pending.   This bill is in the Supreme Judicial Court, and the suit sought to be restrained is in the superior court of Kennebec county, another and different court.   *Bondurant* v. *Watson*, 103 U. S. 286 is an authority in point.   This was a bill like the present one, and it was claimed that it was merely auxiliary and incidental to the original cause, but the court said it had all the elements of a suit in equity.   It sought relief which no court at law could grant; citations were issued and served upon the defendants; the controversy is the original cause — it was a suit, in which the complainant, (as in this case) sought to be protected from a judgment to which he was not a party.

The original suit in this matter is a suit at law in the superior court, *Wm. Sprague, Trustee,* v. *The A. & W. Sprague Manufacturing Company.*   This bill in equity is in the name of the *Edwards Manufacturing Company* v. *William Sprague et als.* and contains new and grave questions not connected with the suit at law.

In the Albany Law Journal of July 21, 1883, page 54, is a case

exactly like the one under consideration. The case was removed to the federal court and the plaintiff moved to remand it on the ground that the federal court had no jurisdiction, the proceedings being merely incidental and auxiliary to the original action in the state court, and so within the decision of *Bank* v. *Turnball*, 16 Wall. 190, and *Barron* v. *Hunton*, 99 U. S. 80; but it was held that the bill instituted in the state court and removed to the federal court, was tantamount to a bill in equity to restrain the defendant from proceeding under an execution and amounted to a new case, and the court followed *Bondurant* v. *Watson*, 103 U. S. 281, and *Barrow* v. *Hunton*, 99 U. S. 83; where it is held that if the proceedings are tantamount to a bill in equity to set aside a decree for fraud then they constitute an original and independent proceeding, and according to the doctrine laid down in *Gaines* v. *Fuentes*, 92 U. S. 10, is cognizable in the federal court. And we respectfully maintain that this is not an ancillary suit but a new suit, with independent and distinct proposition, in a different court and in the names of new and different parties.

It is the duty of the state court by express command of the statute, the suit being removable, to accept the petition and bond and proceed no further. *Railroad Company* v. *Mississippi*, 102 U. S. 136. By express language of the statute, when the defendant filed his petition, &c. in the case, it became the duty of the state court to accept the security and proceed no further in the cause. This act is mandatory upon the state court, and when the defendant complies with the act, the state court has no further jurisdiction to proceed in the cause. *Stevens* v. *The Phœnix Insurance Company*, 41 N. Y. 154; *Gordon* v. *Longest*, 16 Peters, 97. And every step subsequently taken in the case is *coram non judice*. *Ib*. When the act of congress is complied with, the cause is removed and the state court has no jurisdiction thereafter to proceed further in the action. *Mix* v. *Andes Insurance Company*, 74 N. Y. 53.

SYMONDS, J. These bills in equity allege that there is pending in the superior court for the county of Kennebec an action at law in which Almyra Doyle and William Sprague as her trustee,

two of these respondents, are plaintiffs, and Edmund F. Webb, the third respondent, is their attorney of record; that upon the writ in that action certain real estate was attached as the property of the defendants therein, the A. & W. Sprague Manufacturing Company, a corporation chartered and organized under the laws of the State of Rhode Island; that the real estate so attached was in the possession of the complainants at the date of the attachment, and title to the same is claimed by them under deeds from the A. & W. Sprague Manufacturing Company, preceding the attachment in date. The relief sought is that "the court will decree that neither said attachment nor any levy that may be made by virtue of any execution that may issue in said suit is or will be valid or effectual against your orators' said title and possession; and that your orators' said title and possession may be declared valid; and that said William Sprague, as trustee, and said Almyra Doyle and said Edmund F. Webb, their agents or assigns, may be enjoined both by a temporary and a perpetual injunction from levying any execution to be obtained in said suit upon said property claimed by your orators under the deeds aforesaid and from disputing the title or possession of your orators to the real estate herein before described." The bills state fully the grounds on which this relief is sought.

On the return day of the *subpœna*, before any action had been taken by the court upon the question of issuing an injunction, petitions were filed by William Sprague, trustee, and by Edmund F. Webb, for the removal of the suits into the circuit court of the United States for this district, and the exceptions now presented for consideration are to the ruling of the court denying those petitions, "solely upon the ground that the right of removal, as asked for, does not exist in the present stage of the case." It is urged that under the act of Congress of March 3, 1875, the petitions should have been granted; that by force of the statute upon the filing of the proper petitions and bonds the jurisdiction of the state court ceased, and the suits were removed into the federal court.

The substance of the relief sought, all that can be of any avail in the present position of the parties, is an injunction against the

levying of the execution, which shall issue upon the judgment in the action at law, upon the real estate to which the complainants allege title superior in equity to any that can be derived from the attachment. The exception to the ruling, therefore, presents the questions, whether upon the facts alleged the circuit court has authority in the first instance to issue such an injunction, restraining the respondents from proceeding to judgment in the state court or from enforcing the judgment recovered; and, if not, whether there is a right of removal of the suits in equity to a court whose jurisdiction does not extend to the granting of the relief sought. If these questions are answered in the negative, then it follows that the ruling, denying the right of removal in the present stage of the case, that is to say, before any injunction had been issued by the state court, was right.

In considering this branch of the subject, it may properly be assumed, without deciding, that in all other respects, such as the form of the petitions, the bonds, the citizenship of the parties, the cases meet the requirements of the acts of Congress relating to the removal of actions from the state to the federal courts; and the single inquiry is whether the suits themselves are removable, before injunctions issued. "The character of the cases themselves is always open to examination for the purpose of determining whether, *ratione materiæ*, the courts of the United States are incompetent to take jurisdiction thereof." *Barrow* v. *Hunton*, 99 U. S. 85.

In *Haines* v. *Carpenter*, 91 U. S. 257, it is said in the opinion of the court by Mr. Justice BRADLEY : "The great object of the suit is to enjoin and stop litigation in the state courts and to bring all the litigated questions before the circuit court. This is one of the things the federal courts are expressly prohibited from doing. By the act of March 2, 1793, it was declared that a writ of injunction shall not be granted to stay proceedings in a state court. This prohibition is repeated in sect. 720 of the Revised Statutes, and extends to all cases except where otherwise provided by the Bankrupt Law. This objection alone is sufficient ground for sustaining the demurrer to the bill."

The section mentioned (§ 720) reads : "The writ of injunction

shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In *Rogers* v. *Rogers*, 1 Paige, 184, which was a bill in equity, filed in the state court for the purpose of obtaining an injunction to stay proceedings at law in that court, and presents many features in common with the present suit, the opinion of the chancellor holds that "Congress never intended to authorize the defendant to remove any suit or proceeding before a state court, unless the circuit court of the United States had jurisdiction of the subject matter of such suit and had the power to do substantial justice between the parties. In this case, the foundation of the suit is the inequitable prosecution of the suits at law against complainants in the state court; and the relief sought is a perpetual injunction to stay those proceedings. By the commencement of the suits at law, the state courts have gained jurisdiction over the subject matter thereof, and the courts of the United States have no jurisdiction to restrain the petitioners from proceeding therein, or to decree a perpetual injunction, so as to prevent them from collecting the judgments which may be obtained in those suits. The effect of a removal of this cause, therefore, would be to leave the complainants without remedy. . . . . . If the petitioners were not willing to trust their rights to the decision of the tribunals of this state, they should have brought their suits in the United States court, and the complainants would then have been compelled to resort to the same tribunal for the purpose of interposing their equitable defense. Having resorted to the state court for justice, they must be content to take such measure of justice, as the law and equity courts of this state mete out to them."

In the present case, as in *Rogers* v. *Rogers*, the petitioners for removal of the suits in equity are plaintiffs in the action at law in the state court, which the proceedings in equity were instituted to enjoin, and seek by their petitions for removal of the latter to have the question of their right to proceed at law in the state court, of their liability to an injunction restraining them on

equitable grounds from obtaining or enforcing judgment and execution therein, withdrawn from the jurisdiction of the state court, and transferred to be determined by the federal court; so that persons asserting equitable rights to stay of judgment and claiming the exercise of the powers of a court of equity to restrain the execution, cannot be heard in the courts of the state in which the judgment is rendered, and the plaintiffs in the action at law will be free to proceed to the levying of their execution, except so far as the circuit court may otherwise determine within the limits of its jurisdictional authority to restrain by injunction the service of final process from state courts. The petitioners for removal, a citizen of Rhode Island, and his attorney of record residing in this state, voluntarily seek the jurisdiction of the state court to recover judgment upon an alleged legal demand, but would remove to a federal tribunal all litigation respecting the rights of interested parties to obtain a decree in equity, limiting or modifying the execution to be issued in that action, or preventing the levy of it upon certain real estate in Maine.

Considerations like these seem to be regarded as conclusive against the right of removal in any case in which the proceeding in equity is not in its nature a separate and independent suit, but only a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it. "If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or an appeal . . . . the United States court could not properly entertain jurisdiction of the case. . . . . . On the other hand, if the proceedings are tantamount to a bill in equity to set aside a decree for fraud in the obtaining thereof, then they constitute an original and independent proceeding and . . . . the case might be within the jurisdiction of the federal courts. The distinction between the two classes of cases may be somewhat nice, but it may be affirmed to exist." *Barrow* v. *Hunton, supra.*

Under this rule, the judgment was that that case should be remanded to the state court as one of which the circuit court

could not take cognizance ;—the precise question here presented not arising, because there the injunction had issued from the state court before the petition for removal of the suit into the circuit court was filed.

If the substance of the relief sought, and to which upon sufficient proof the complainants may be entitled, can only be granted by the state court, it would seem to follow that the suit in equity is so connected with the action at law as to prevent its separate removal into the federal court. If the injunction upon the proceedings at law must first issue from the state court, then there can be no right of removal at least till after this has been done.

We find nothing in the later statutes or decisions to indicate that this prohibition against the granting of injunctions by the federal courts to stay proceeding in state courts has been removed. The opinion of the majority of the court in *Gaines* v. *Fuentes*, 92 U. S. 10, seems to hold that the act of congress of March 2, 1867, invests the circuit court with jurisdiction, when the removal is made under that act, although that court could not have taken original cognizance of the action ; and therefore that a suit brought by strangers to the estate, to annul a will as a muniment of title and to restrain the enforcement of a decree of a state court admitting it to probate, so far as that decree affected the property of the original plaintiffs, was removable to the circuit court. "In authorizing and requiring the transfer of cases involving particular controversies from a state court to a federal court, the statute thereby clothed the latter court with all the authority essential for the complete adjudication of the controversies, even though it should be admitted that that court could not have taken original cognizance of the cases."

But the same opinion denies that that suit, which it was held should have been removed into the federal court upon the application of the original defendant, was one that must have been brought originally in the state court, and declares that it was, on the contrary, a suit for equitable relief such that if by the law, obtaining in the state, customary or statutory, it could be maintained in one of its courts, whatever designation that court might

bear, it could be brought by original process in the federal court, the legal conditions as to citizenship of the parties being fulfilled;—manifestly distinguishing the suit then before the court from one to enjoin the proceedings or process of a state court, for in the later case of *Dial* v. *Reynolds*, 96 U. S. 340, it is again said : "The *gravamen* of what is desired as to Reynolds is an injunction to prevent his proceeding at law in the state court. Without this, all else is of no account. Any other remedy would be unavailing. Such an injunction, except under the bankrupt act, no court of the United States can grant. With this exception, it is expressly forbidden by law ;" citing the U. S. statutes already referred to, and *Diggs* v. *Walcott*, 4 Cranch, 179 ; *Peck* v. *Jenness*, 7 How. 612 ; *Watson* v. *Jones*, 13 Wall. 679. See also, *Randall* v. *Howard*, 2 Black. 589 ; *Nougue* v. *Clapp*, 101 U. S. 554 ; *Watson* v. *Jones*, 13 Wall. 719 ; *Bank* v. *Turnbull*, 16 Wall. 190 ; *Dunn* v. *Clarke*, 8 Pet. 1 ; *Jackson* v. *Gould*, 74 Maine, 564 ; *Stone* v. *Sargent*, 129 Mass. 507,

There is nothing in the ruling which requires us to consider that class of cases, of which *Bondurant* v. *Watson*, 103 U. S, 281, is one, in which the state court had already issued the injunction before the right of removal was claimed, and the party applying for the removal sought also a dissolution of the injunction. "It is to be observed that the injunction had already been granted by the state court before the application for removal was made. The interest and purpose of Mrs. Bondurant, who asked for the removal, was to get the injunction dissolved." Under such circumstances, it seems to be held that, inasmuch as the act of March 3, 1875, provides that all injunctions had in the suit before its removal shall remain in full force and effect until dissolved or modified by the court to which the suit is removed, there may be cases in which the question of the permanence, modification or dissolution of such an injunction issued by the state court is one of federal jurisdiction, and in which removal of the suit may be secured by applying therefor at the time and in the manner prescribed by statute. But the ruling below neither

affirms nor denies the right of removal in such a state of facts, and that question is not presented for consideration.

According to the rule of practice stated in *Stone* v. *Sargent, supra,* which is belived to accord with what has been the practice in this state, the exceptions allowed by the presiding justice to his orders refusing the petitions for removal of the suits into the circuit court of the United States, are rightly before us, and the questions of law thereby raised are properly to be determined in the first instance by this court although any judgment rendered here will be subject to be reversed on writ of error by the supreme court of the United States. "If the case is within the .act of congress, and the proper petition, affidavit and surety are filed in the state court, the circuit court of the United States takes jurisdiction of the cause, although the state court omits, or even refuses, to make any order for its removal. . . . . On the other hand, it is the duty of the state court, before relinquishing jurisdiction of a cause once lawfully brought before it, and discharging that cause from its own docket, to be satisfied that there has been a compliance with those conditions. If the highest court of the state errs in holding that the petitioner is not entitled to remove the cause, its judgment may be revised and reversed on writ of error by the supreme court of the United States, and all proceedings had in the courts of the state after due application for a removal may be ordered by that court to be set aside. But no act of congress, and no adjudication of the supreme court of the United States, has made the opinion of the state court, upon the question whether its own jurisdiction must be surrendered subordinate to the opinion of any federal tribunal below the supreme court."

The learned briefs filed in the present case contain full discussions of the principles and authorities relating to this subject, and have been of great service to the court in the examination and consideration of the numerous recent decisions rendered by various courts upon similar or differing state's of fact.

Our judgment is, that there was no error in the ruling given below, that under the statutes of the United States and the construction given to them by the decisions of the court of last resort in

that respect, the supreme court of the United States, suits in equity like these, not related in any. way to the provisions of the bankrupt law, in which the only effective relief sought is an injunction to stay proceedings in an action pending in the state court and prevent the levying of an execution issuing therefrom, are not in the first instance, either by original process or under the statutes of removal, within the jurisdiction of the circuit court of the United States; or rather to answer the precise question presented, that these suits were not removable to the federal court on petition of the plaintiffs in the action at law before injunction issued. What questions of federal jurisdiction may arise upon injunctions once issued in such a cause by the state court, cannot be considered in passing upon these exceptions.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.