WOLCOTT *et al. v.* ASPEN M. & S. Co. *et. al.*

(*Circuit Court, D. Colorado.* May 4, 1888.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

Where plaintiffs' title to the product of a mine has been established by a decree in a state court, a proceeding by plaintiffs against the same and other defendants, to obtain possession of their rights under the decree, although independent in form and involving a defendant who claims a superior title by purchase, is in effect merely a supplementary proceeding, inseparably connected with the original decree, and therefore not removable to the United States court.

On Motion to Remand.

*J. T. Vaile,* for complainants.
*Geo. J. Boal,* for defendants.

BREWER, C. J.   In *Wolcott and others* v. *The Aspen Mining & Smelting Company and others* there is a motion to remand.   Three grounds are presented.   The first and third are passed with the single observation that very properly an interrogation mark might be put at the end of each of the questions presented.   The second I consider more fully, because I think it the more important, and it is decisive.   The proposition in that is that this suit or proceeding in the state court was merely ancillary to a case already determined in the district court, and transferred by appeal and now pending in the supreme court of the state.   The facts are these:   In a suit in the state court, in which these plaintiffs were intervenors, their title was adjudicated to a fraction of interest in the Emma mine.   Some of these defendants were defendants in that suit.   One J. B. Wheeler was the owner of a large portion of the adverse interests.   After that decree an appeal was taken to the supreme court, and it is there pending.   That decree, as I said, established the title of the present plaintiffs to a fractional interest in the Emma mine.   This complaint, which is in the nature of a bill in equity in this court, was filed as an independent complaint; and yet the form in which these things are pursued is immaterial; we always go back to the substance of the transaction.   It is a proceeding to enforce possession of the same fractional share of the product of that mine as was given by the decree.   It sets forth the decree.   It shows there has been a certain amount of product from that mine; and is a proceeding to enforce plaintiffs' right to that proportionate share of the product of the mine.   The Aspen Mining & Smelting Company, principal and removing defendant, purchased, as alleged, after that decree, from Wheeler.   In its answer, not denying that decree or those proceedings or its purchase, it sets up ownership in this ore by reason of a purchase of the apex of the vein, and, of course, that interjects into this litigation that controversy between other parties which was compromised a week ago.   Now, it is settled that a proceeding which is merely ancillary, and for the purpose of carrying into effect an existing judgment or decree, is not removable; the case in which the

judgment or decree was originally entered not having been removed. The case of *Buford* v. *Strother*, 3 McCrary, 253, presents a careful and well-considered discussion of the question, and lays down the principle which is recognized as correct and controlling in this circuit, and which has never been challenged or overturned by the supreme court. That was a case in which three removals were sought,—two proceedings by garnishment after judgment, and the third a suit to obtain a satisfaction of judgment against a corporation out of the stockholders. In the course of that discussion Judge Love lays down this proposition:

"It seems to me that the true principle is this: Where the supplemental proceeding is in its character a mere mode of execution, or of relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding the fact that some new controversy or issue between the plaintiff in the original action and the new party may arise out of the proceeding; but where the supplemental proceeding is not merely a mode of execution or relief, but where it in fact involves an independent controversy with some new and different party, it may be removed into the federal court; always, of course, assuming that otherwise the proper jurisdictional facts exist. Every court must, in the nature of things, have the right, as well as the power, to carry its own judgments into execution. To take from any court the prerogative of executing its own judgments by proper process, or by supplemental proceedings, when necessary, would be to cripple its jurisdiction in a most essential matter."

Now, it is obvious that it would be no more than fair that a court which has established the title to property should be permitted to continue in possession of the proceedings to put the party whose title it has established in possession of that property. When the state court decreed that these plaintiffs were the owners of this fractional interest in the Emma mine, it was but executing that decree to see that they were put in possession of the same interests in the products of that mine; and that certainly in the federal court could have been accomplished by a mere petition in the case asking injunction, accounting, and receiver, as was done here by this independent complaint. As I said, the form in which this thing is done is immaterial. It is the substance we look at; and all that is sought to be accomplished by this complaint is to put these plaintiffs in possession of that property, the title to which has already been established by a decree in the state court. It is true that an independent issue is presented in that this defendant, having purchased the title of Wheeler and others, which was litigated in that case, affirms also that it has made a further purchase by which it claims a right superior to Wheeler and all the owners of the Emma mine. There is, therefore, an independent issue interjected into the controversy; but that, as Judge Love well says, does not make it any the less a part and parcel and continuance of the original litigation. I repeat:

"Where the supplemental proceeding is in its character a mere mode of execution or of relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding the fact that some new controversy or issue between the plaintiff in the original action and a new party may arise out of the proceedings."

A case which further illustrates this is cited by him,—that of *Webber* **v.** *Humphreys*, 5 Dill. 225,—where, after a judgment against a corporation under the Missouri statute, a proceeding was instituted to authorize execution against an alleged stockholder; and it was held that this latter proceeding was not removable, although in it was presented, and would be, naturally, an independent issue as to whether this party sought to be charged in execution was or was not a stockholder in the corporation. So, believing that this case, although a new issue is interjected into it, is, looking at it in substance and not in form, simply a proceeding to carry into effect a decree already rendered in the state court, and which cannot be removed to this court, the motion to remand will be sustained.