CARVER et al. v. JARVIS–CONKLIN MORTGAGE TRUST CO. et al.

(Circuit Court, E. D. Tennessee, S. D. March 3, 1896.)

1. EQUITY—BILL TO ENJOIN FORECLOSURE SALE—FRAUD.
    A cross bill in a state court to foreclose a mortgage was dismissed, but, on appeal, the state supreme court reversed the decree, entered a decree of foreclosure, and appointed its own clerk to make the sale. Thereupon the mortgagors filed in the state court, whose decree was reversed, a bill to enjoin the clerk from making the sale, alleging fraud in the foreclosure decree. *Held*, that this was not an original bill in the nature of a bill of review, nor was the suit in any sense a mere continuance of the former suit, but, on the contrary, was an independent original suit.

2. EQUITY JURISDICTION—RELIEF AGAINST FRAUDULENT DECREE.
    Where an appellate court, after reversing a decree, itself enters a decree finally disposing of the case, and appoints its own officer to execute the same, it is still within the jurisdiction of the court below to entertain an original suit to enjoin the execution of the appellate court's decree, on the ground of fraud in procuring it.

3. REMOVAL OF CAUSES—FEDERAL JURISDICTION.
    A federal circuit court, in a case otherwise within its jurisdiction, may take cognizance, on removal, of a suit brought in a state court, to impeach for fraud a decree rendered in the supreme court of the state.

4. SAME—DIVERSE CITIZENSHIP—FORMAL PARTIES.
    In a suit to impeach for fraud a decree of a state supreme court, a defendant who was not a party to that decree, because he had been dropped from the case, as having no interest in it, before it reached the supreme court, is to be regarded as a mere formal party, whose presence will not defeat a removal, although he is a citizen of the same state with complainant.

5. SAME.
    In a suit to impeach for fraud a decree of a state court, and to enjoin the officer appointed to execute it, the fact that he is a citizen of the same state with complainant will not prevent a removal of the cause; for he is a mere formal party, having no interest in the suit.

This was a suit in equity, brought in a state court of Tennessee, by Sarah E. Carver and another, against the Jarvis-Conklin Mortgage Trust Company and others, to enjoin, on the ground of fraud, the execution of a foreclosure decree rendered by the supreme court

of Tennessee, on an appeal. The cause was removed by defendants
to this court, and complainants have now moved to remand it.

Shepherd & Frierson, for complainants.

Brown & Spurlock, for defendants.

SEVERENS, District Judge. The grounds on which this motion
is founded by counsel for complainants. are:

First. Because this court has not jurisdiction of the subject-
matter of the case. It is urged that the case is of such a charac-
ter that the court could not take original jurisdiction of it if it had
been commenced here, and therefore it may not take jurisdiction by
removal from the state court. The conclusion is sound if the prem-
ises are. To determine whether they are so it is necessary to take
into view an outline of the bill. It appears from that, that the
complainants, who are husband and wife, made a loan of money from
the first-named defendant, and executed their bond to it for the
payment of the same. To secure the payment of the money accord-
ing to the terms of the bond, they executed a deed of trust of cer-
tain real estate in the city of Chattanooga, Tenn., to Samuel M. Jar-
vis, with a proviso that, in case of his death, absence, disability, or
refusal to act, Stanley L. Conklin should succeed in the trust, or,
in case of his disability, either Jarvis or Conklin might appoint
a trustee. For some reason, not disclosed by the bill, Jarvis
appointed one W. A. Smith to act as trustee under the mort-
gage. It is stated in the bill that this appointment was illegal and
void, because the conditions upon which the power to make such
appointment had not occurred. The special facts pertinent to this
allegation are not stated. Default in payment having been made,
Smith was proceeding to foreclose and sell under the deed of trust.
Thereupon the complainants filed their bill in the state court of Ten-
nessee against the above-named trust company, Jarvis, Conklin, and
Smith, to enjoin the sale. The grounds on which that bill was
filed were not stated in the present bill. The trust company and
Smith answered; Conklin and Jarvis did not. The trust company
filed a cross bill against the complainants, and none others, for the
purpose, as is to be inferred, though not expressly stated, of fore-
closing the mortgage. The complainants dismissed their original
bill, and the litigation was continued upon the issues on the cross
bill. The defendants in the cross bill (the complainants here) ob-
tained a decree dismissing the cross bill, and the trust company ap-
pealed to the supreme court of the state, where the decree of the
court below was reversed, and a decree entered for the foreclosure
of the trust deed;[1] and McMillan, the clerk of that court, was ap-
pointed to make sale of the property to satisfy the complainants'
debt. He was proceeding to make the sale when the complainants
filed this bill in the same original state court to enjoin that sale. In
their bill they characterize it as an "original bill, in the nature of a
bill of review, to impeach, and set aside said former decree, for

---

[1] No opinion.

fraud." In the brief of the complainants' counsel upon this motion, it is said: "The complaint is of irregularity alleged to have occurred in the course of a proceeding in the state court, and the prayer is to enjoin the execution of a decree in the supreme court, and to set aside and reverse the decree." The parties made defendants by the bill are the trust company, Jarvis, Conklin, Smith, McMillan, and certain persons alleged to have been appointed receivers of the trust company in some circuit court of the United States, in some state other than Tennessee, but in what state or in what suit is not stated. The facts constituting the alleged fraud of the trust company in procuring the decree in the supreme court of the state, and such further facts as show the rights and interests of the complainants in the subject-matter of the suit entitling them to file their bill, are stated in the detail. The complainants are citizens of Tennessee. The defendants are citizens of other states, excepting Smith and McMillan, who are citizens of Tennessee. The defendant Smith appeared, and answered that he was acting as agent, with no interest in the subject-matter, and admitting that his appointment as trustee was illegal and void. Thereupon the defendants other than Smith and McMillan filed their petition in the state court for a removal of the cause into the United States circuit court for the proper district, and filed also a proper bond. The suit was removed in due form.

It is contended in support of the motion that this suit is to be treated as a mere continuance of the former suit, and, in substance and effect, a part of it, and not an independent original suit; and the cases of Jackson v. Gould, 74 Me. 564; Ranlett v. Lead Co., 30 La. Ann. 56; Manufacturing Co v. Sprague, 76 Me. 53; Mr. Justice Brown, in Wolcott v. Mining Co., 34 Fed. 821; Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977; American Ass'n v. Hurst, 7 C. C. A. 602, 59 Fed. 1; and Dill. Rem. Causes, § 70,—are cited to show that in a proceeding which is a mere graft upon the principal litigation, or a continuance of it, having a thread of vital connection with the main case pending in a state court, a federal court has no jurisdiction to interfere by taking cognizance of it. That doctrine is admitted, but, in my opinion, this is not such a case. There is no remittitur of the first suit from the supreme court of Tennessee to the court of first instance for the purpose of further proceedings. The supreme court entered a final decree, and appointed its own official to execute it. The original court had entirely lost control of the case. It was no longer pending there. It had no power to review the decree. The only place where that could be done, if at all, was in the court which had rendered it. Hurt v. Long, 90 Tenn. 448, 16 S. W. 968. The only possible aspect of this bill upon which the state court had authority to entertain it was that of an original bill to impeach the decree of the supreme court for fraud in the party who obtained it. In such case there is no review, in the proper sense of the word, of the former proceeding. The decree in the new suit operates upon the conscience of the party who obtained the former decree, and prevents him from taking any fruit from the decree he has fraudu-

· lently induced the court to make in his favor. It does not undo the decree. That stands unreversed, and there is no meddling with it. Undoubtedly, the state court in which this bill was filed had authority to entertain it. Nor can there be any doubt that the proper circuit court of the United States, having jurisdiction in other respects, would be competent to entertain such a suit. It does not matter in what court the fraudulent decree or judgment has been obtained, whether state or federal; suit may be brought in either of such courts to impeach it, provided, always, the suit is in other respects within its jurisdiction. Barrow v. Hunton, 99 U. S. 80; Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619; Marshall v. Holmes, 141 U, S. 589, 12 Sup. Ct. 62. The suit was therefore such a one as might properly be removed.

. The second ground for the motion is that defendants Smith and McMillan were citizens of Tennessee, of which state the complainants are also citizens, and that for that reason the case should not be removed. As to Smith, it is to be observed that he was not a party to the decree sought to be impeached. He had been dropped out of the case before it reached the supreme court. He acquired nothing by the decree, and was deprived of nothing by it. He had no standing upon it to litigate with the complainants the question whether it was fraudulent or not. And the bill alleges the nullity of his appointment, and fails to show that he is asserting, or threatens to assert, any right or interest in the subject-matter of this litigation. It is not expressly stated, but it is necessarily implied, that the supreme court of the state held that, in the circumstances of the case, Smith was not a necessary party to the foreclosure of the trust deed. The object of this bill is to nullify the decree by disabling the party from enforcing it, and, by consequence, enjoin the sale. By granting such relief or refusing it, Smith will not be affected. If his presence in this litigation is proper at all, he must be regarded as a merely formal party. In regard to McMillan, it appears that he is the officer whom the supreme court designated to make the sale. He has no interest in the subject-matter of the controversy, and is simply the legal functionary provided by the court to execute its decree. The court whose officer he is has no interest in its decrees, nor in their execution, further than the mere official duty to see to it that the party shall be accorded his lawful remedy, if he pursues it. It is a well-established rule that in such a case the officer is a formal party, and some of the decisions are to the effect that he should not be enjoined as a party at all. Montgomery v. Whitworth, 1 Tenn. Ch. 175, and the Tennessee cases there cited; Buckner v. Abrahams, 3 Tenn. Ch. 346; Blanton v. Hall, 2 Heisk. 424; Sioux City & D. M. Ry. Co. v. Chicago, M. & St. P. Ry. Co., 27 Fed. 770. No stress is laid upon the fact that Smith has answered the bill. Neither Smith nor McMillan having any legal interest in the suit or the decree which may be rendered therein, their presence in the record would not affect the right of the real parties to remove the suit. Browne v. Strode, 5 Cranch, 303; Wormley v. Wormley, 8 Wheat. 421; Wood v. Davis, 18 How. 467; Bacon v Rives, 106 U. S. 99, 1 Sup. Ct. 3; New York Const. Co. v.

Simon, 53 Fed. 1, 4; Shattuck v. Insurance Co., 7 C. C. A. 386, 58 Fed. 609.

Neither of the grounds taken for the motion being tenable, it must be overruled.   It is so ordered.