## STACKHOUSE *v.* ZUNTS.*

*(Circuit Court, E. D. Louisiana. January, 1883.)*

JURISDICTION—REMOVAL.

A suit was instituted in a Louisiana court by a citizen of that state against a citizen of Mississippi, and a preliminary writ of injunction issued, enjoining the defendant from proceeding under an execution issued upon a judgment obtained in that court, on the grounds that said judgment had been extinguished by compensation, and had been rendered by reason of error both of fact and law, and was therefore null and void. On the application of the defendant the suit was removed to this court, and the plaintiff moved to remand on the ground that the federal court had no jurisdiction, these proceedings being merely incidental and auxiliary to the original action in the state court, and so within the decisions in *Bank* v. *Turnbull*, 16 Wall. 190, and *Barrow* v. *Hunter*, 99 U. S. 80; *held*, that the proceeding instituted and removed is not only "tantamount to a bill in equity to set aside a decree for fraud in obtaining it," but really amounts to "a new case arising on new facts, although having relation to the validity of a judgment," as laid down in *Barrow* v. *Hunter*, 99 U. S. 83.

*Bondurant* v. *Watson*, 103 U. S. 281, followed.

On Motion to Remand to State Court.

*E. D. White, H. B. Magruder,* and *F. L. Richardson,* for complainant.

*A. C. Lewis* and *T. M. Gill,* for defendant.

PARDEE, J. This case comes up on a motion to remand to the state court, where it was instituted, on the ground—

"That this court has no jurisdiction of a suit seeking to enjoin the execution of a judgment rendered by a state court, neither to pass upon, dissolve, nor perpetuate such an injunction granted by a state court, and more especially where the complainant or plaintiff obtaining said injunction is now, and was at the time of the rendition of the judgment enjoined or sought to be enjoined, a citizen of this state, and within the jurisdiction of said state court."

The transcript shows that the suit was instituted by filing in the state court a petition of the following substance:

"The petition of Herbert W. Stackhouse, a resident of the parish of Plaquemines, respectfully shows that James E. Zunts, a resident of Harrison county, and a citizen of the state of Mississippi, claiming and pretending to be the subrogee of one Ruggles S. Morse, a citizen of Maine, resident in the city of Portland, has caused to be issued out of this honorable court two writs of *fieri facias* in the suits entitled *R. S. Morse, James E. Zunts, subrogated,* v. *Herbert W. Stackhouse,* and numbered 371 and 372 of the docket of this hon-

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

orable court; and under said writs the sheriff of the parish of Plaquemines has seized, advertised for sale, and will sell, on the first day of April, 1882, the following-described property, to-wit."

Then follows a description of the property and advertisement.

"Unless restrained by the order and injunction of this court."

Then follow matters set out at great length, called reasons, summarized by the pleader as follows:

"As grounds for injunction, petitioner, therefore, alleges compensation, error of fact and of law, the nullity of the judgments sought to be enforced."

The errors of fact and of law, as set forth in the petition, constitute a case of constructive, if not actual, fraud. And the compensation of the judgments, as pleaded, amounts to about the same charge. The relief sought is an injunction restraining the sale of the property said to have been seized and advertised, and for general relief. That the case, as made by the record, shows "a controversy between citizens of different states;" and "a controversy which is wholly between citizens of different states, and which can be fully determined as between them," cannot be disputed with any show of reason. And if it is such a controversy, then the suit was removable to this court.

If a case is properly removable, and is properly removed, to this court, then, as we have had occasion to hold several times, this court is vested with the jurisdiction to grant any proper relief the case may demand, to as full an extent as the state court could have granted had the case not been removed. And it seems clear that the supreme court have so settled the law. See *Gaines* v. *Fuentes*, 92 U. S. 10.

"A party, by going into a national court, does not lose any right or appropriate remedy of which he might have availed himself in the state courts of the same locality." *Davis* v. *Gray*, 16 Wall. 231.

The point is urged in argument that the proceedings, removed to this court, are merely incidental and auxiliary to the original action in the state court, and so within the decisions in *Bank* v. *Turnbull*, 16 Wall. 190, and *Barrow* v. *Hunton*, 99 U. S. 80; but the petition in the case does not make such a showing. The proceeding, instituted and removed, is not only "tantamount to a bill in equity to set aside a decree for fraud in obtaining it," but really amounts to "a new case arising on new facts, although having relation to the validity of a judgment." The case of *Barrow* v. *Hunton*, *supra*, fully supports the right to remove in this case. The case of *Bondurant* v. *Watson*,

103 U. S. 281, cited by counsel for defendant, does not conflict with the conclusions reached here; it is in full accord, and it seems to me would be conclusive authority for this court to retain and hear this cause, if the court had any doubt in the case.

The motion to remand is denied, with costs.