# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### PELZER MANUF'G CO. v. HAMBURG-BREMEN FIRE INS. CO.

#### (Circuit Court, D. South Carolina. June 22, 1894.)

**1. JUDGMENT—MISTAKE—CORRECTION—EQUITY.**

Plaintiff brought several actions against a number of insurance companies for losses occasioned by the same fire. The jury found in his favor in one action, and it was agreed that the same verdict should be entered in the other actions. In one of these, plaintiff had declared on two policies issued by the same defendant, each policy being made the subject of a separate count. By haste and inadvertence, a verdict was taken on only one count, the judgment entered thereon was affirmed, and, the amount thereof being paid, satisfaction was entered on the record. The omission to take judgment on the second count was not discovered until three years after, when it was too late to move for a new trial or to appeal. *Held*, that plaintiff's only remedy was in equity, on the ground of mistake in the verdict and judgment.

**2. REMOVAL OF CAUSES—ANCILLARY PROCEEDINGS—CORRECTION OF JUDGMENT.**

Plaintiff sued in a state court on two policies of insurance, declaring on each in a separate count. It was agreed that the jury should return a verdict for him. By mistake, a verdict was returned on one count only. Judgment was entered thereon, and, after being affirmed, it was paid, and satisfaction entered on the record. The omission of verdict and judgment on the second count was not discovered until several years after, and plaintiff then filed a bill in the state court to correct the mistake and enter judgment thereon. *Held*, that his bill was not ancillary or supplemental to the original action, but was a separate proceeding, and hence removable, on the ground of diverse citizenship, if that existed.

In Equity. On motion to remand. Bill by the Pelzer Manufacturing Company against the Hamburg-Bremen Fire Insurance Company. Motion denied.

Smythe & Lee, G. G. Wells, and Haynsworth & Parker, for the motion.

Julius H. Heyward, opposed.

SIMONTON, Circuit Judge. The plaintiff in this case, which was brought in the circuit court of South Carolina for Greenville county, is a citizen of the state of South Carolina. The defendant, at the

time suit was brought, was and has continued to be a corporation created under the laws of .Germany. The cause has been removed into this court, upon the ground that it is between a citizen and an alien. This motion is to remand it to the state court, on the ground that, notwithstanding this fact, it is not a removable .cause. We can always examine into the character of the case to determine whether it be within the jurisdiction of this court. Arrowsmith v. Gleason, 129 U. S. 99, 9 Sup. Ct. 237; Barrow v. Hunton, 99 U. S. 80.

Suit had been brought in the circuit court of South Carolina for Greenville county by the plaintiff against this defendant on two policies of insurance against fire,—one for $5,500, and the other for $2,500. The complaint in the action counted on both policies, setting them forth in two separate causes of action,—one cause of action on one policy, the other on the other. The case came up for trial 24th March, 1891. There were ready for trial, at the same term of the same court, several separate actions by the same plaintiff against several separate insurance companies for the loss by the same fire. All of these cases, including the one now in question, depended upon the very same facts, and the same issues of law as well as fact. Two of these were tried, and a verdict had for plaintiff. Thereupon it was agreed that the jury should find a verdict in each case for plaintiff, subject to the right of appeal on the part of the defendant. In the hurry and confusion of taking all their verdicts, a verdict was taken on the case before us on only one cause of action,—that of the $5,500 policy,—and the other policy was overlooked. Appeals were entered. All the cases, including this one, went into the supreme court of South Carolina, upon exceptions (15 S. E. 562), none of which were as to the amounts of the verdicts, and the judgments below were all affirmed. In this case the judgment had been entered on the verdict as found, one cause of action having been omitted. On 29th June, 1892, the defendant paid to the plaintiff the whole amount of the judgment as entered, with costs, and thereupon satisfaction was entered as of record on the judgment. The plaintiff remained in ignorance of this mistake or omission which had been committed until 15th February, 1894, and then endeavored to get the defendant to rectify it. This being refused, the suit was brought 4th May, 1894. The complaint sets out these facts. The prayer for relief is as follows:

"(1) That the mistake of the said jury be corrected, and their verdict reformed, and the judgment corrected so as to allow plaintiff judgment for said twenty-five hundred dollars, with interest thereon from May 15, 1889, being sixty days from the time of the fire at which said loss occurred; (2) that the judgment rendered in said action having been satisfied, that plaintiff have now judgment anew for said twenty-five hundred dollars, with interest thereon from May 15, 1889, and for the costs of this action; (3) and for such other and further relief as plaintiff may be entitled."

The motion to remand is based on the contention that this suit is in fact ancillary or auxiliary to the former suit, a graft upon it, and not an independent and separate litigation. It therefore is not removable. Bank v. Turnbull, 16 Wall. 195. The law is stated by that eminent jurist, Mr. Justice Bradley, thus:

"The question presented with regard to the jurisdiction of the circuit court is whether the proceeding is or is not in its nature a separate suit, or whether it is a supplementary proceeding, so connected with the original suit as to form an incident to it, and substantially a continuation of it. If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review, or an appeal, it would belong to the latter category, and the United States court could not properly entertain jurisdiction of the case." Barrow v. Hunton, 99 U. S. 82.

The essential questions, therefore, are, what relief is sought by this plaintiff? Could he obtain such relief in the state court in which the first cause was tried by any motion or proceeding in said cause? Is this proceeding one wholly independent, based on some new ground for relief? The relief sought is to correct a mistake in a verdict on which judgment was entered 24th March, 1891. The purpose is to correct the mistake in the verdict, by adding to it the amount of the second cause of action, and then entering a judgment thereon. Could this relief be obtained in the state court in which the cause was tried by any motion or proceeding in that cause? The cause has ended by complete satisfaction of the judgment, and it no longer exists. But were this not the case, according to the practice in South Carolina, if there be error or mistake in a verdict, the party injured may move for a new trial. But he must do this during the term. No such motion was made in this case. If the judgment is complained of, there are certain modes of obtaining relief,—one is by writ of error or appeal. In order to secure a right of appeal, the party desiring to correct an error must give notice in writing to the other party within 10 days after the rising of the court. This is imperative, and the omission cannot be cured, even by the supreme court. Code § 345; Renneker v. Warren, 20 S. C. 581. In this case the defendant appealed, on grounds not affecting the amount of the verdict. Plaintiff gave no notice of appeal, and did not in fact appeal. So it lost this mode of relief. The Code of Procedure (section 195) also provides for relief from a judgment. But this is where the judgment is obtained against a person through his mistake, inadvertence, surprise, or excusable neglect; and if we broaden the terms of this section, and let them embrace cases of judgments obtained by a person, still he must apply for his relief within one year after notice of the judgment. It would seem as if plaintiff has lost this mode of relief also. His judgment was in March, 1891; his proceeding for relief May, 1894. Even, therefore, if we conclude that the peculiar facts of this case would have given the plaintiff the right, by ancillary, auxiliary, or supplemental proceedings in his cause, to obtain relief in the state court, it seems that he has lost this right; and he has lost the right by reason of the same mistake which existed when the verdict was rendered, and which continued to exist until a very recent period,—the period during which his remedy was lost. He can seek relief nowhere but in a court whose jurisdiction is grounded on mistake. He cannot get this relief except in an original proceeding. The error of which he complains is not patent on the face of the record: Non constat that, because he had a count on his cause of action, the

jury were bound to find it in his favor. To establish his case, he must go dehors the record, and establish an unintentional error by testimony; and, when that is done, his only remedy is on the conscience of the defendant. The judgment at law will always in a law court stand res judicata. The language of Bondurant v. Watson, 103 U. S. 286, is not inapplicable to this case.

"The case which was removed had all the elements of a suit in equity. The petition filed in the state court sought equitable relief, which no court strictly a court of law could grant."

In South Carolina, before the adoption of the New York Code of Civil Procedure, the courts of law and equity were distinct, the latter court conforming strictly to the practice of the high court of chancery in England. During this practice a case occurred, of Cohen v. Dubose, reported in Harp. Eq. 102. The case was heard below by Waties, Ch., a luminary of the South Carolina judiciary, and went into the court of appeals. This case establishes the doctrine that a mistake such as that which is set out in the case at bar is cognizable in equity, and, under the circumstances stated, cognizable only in a court of equity. A suit had been brought on a promissory note at law. The verdict was for the plaintiff on the general issue. The jury, however, gave the principal only of the note, neglecting to give the interest. It was alleged that this was through mistake or inadvertence. The mistake was not discovered until it was too late to correct the error in the law court by motion for a new trial or by appeal. The plaintiff in that case filed his bill to correct the mistake. The jurisdiction of the court was challenged, and was sustained, the plaintiff being without remedy at law to correct the mistake. Compare, also, Phillips v. Negley, 117 U. S. 674, 675, 6 Sup. Ct. 901.

The present proceeding, therefore, is in chancery. It is in effect a bill in equity, based wholly on equitable grounds, seeking relief because of an accident or mistake,—ancient sources of equity jurisdiction,—the plaintiff having no plain, adequate, and complete remedy at law. It is occasioned by something which occurred in the law case; but it is not ancillary to or dependent thereon or supplemental thereto. The fact upon which it is based is something outside of the record of that case, requiring testimony. The relief sought is protection against the consequences of a mistake made in that case. Being, therefore, an original proceeding, between a citizen and an alien, it is removable into this court, and over it this court plainly has jurisdiction. The motion to remand is refused. Let the pleadings be amended, so as to contain the prayer for subpoena and any other prayer for relief plaintiff may desire.