JOSEPH LUPARELLI, INDIVIDUALLY AND AS ADMINIS-
TRATOR OF THE ESTATE OF ANTONIO LUPARELLI,
ET AL., PLAINTIFFS, v. UNITED STATES FIRE INSUR-
ANCE COMPANY, A BODY CORPORATE, DEFENDANT.

Argued June 1, 1936—Decided December 14, 1936.

Before Justices HEHER and PERSKIE.

For the plaintiff, *Joseph T. Lieblich.*

For the defendant, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

HEHER, J. The point in controversy is whether moneys
paid by the defendant insurer, in discharge of its liability to
the mortgagee under a fire insurance policy, shall be credited
upon the judgment subsequently recovered against the former
by the assured owner. The facts have been stipulated.

The insurer issued to plaintiff owner (hereinafter referred to as the plaintiff) a policy in the sum of $2,000, covering a dwelling house encumbered by a mortgage in the principal sum of $600. The policy carried the standard mortgagee clause. It was therein stipulated that the protection thus accorded to the mortgagee was not subject to impairment or forfeiture by the act or neglect of the mortgagor or owner of the insured property; and that if, upon payment under the terms thereof of any loss sustained by the mortgagee, the insurer "shall claim that, as to the mortgagor or owner, no liability therefor existed," it "shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities." The insured property was destroyed by fire on April 16th, 1932.

Upon the occurrence of the loss, the mortgagee made claim on the insurer for the amount of his mortgage; and the latter, invoking the cited provision of the contract, disclaimed liability to him, "in part on the ground that the loss had been occasioned in part by a preceding explosion." A settlement of the claim was negotiated. The insurer undertook to pay $350 in full satisfaction thereof, in consideration of the mortgagee's general release and an assignment to it "of a partial and subordinate interest in the mortgage to the extent of" the sum so agreed to be paid. This agreement was not consummated until May 21st, 1934. Meanwhile, on the application of plaintiff, the mortgagee had been made, first, a party defendant, and then, a party plaintiff.

In August, 1934, the mortgagee filed a bill to foreclose his mortgage: and therein he alleged the balance due to be $250 with interest. The insurer, having refused to become a party complainant in the foreclosure suit, was made a party defendant. "by reason of its subordinate interest in the mortgage," and filed an answer setting up the interest acquired by the assignment.

Upon the trial of the instant action, plaintiff proved the payment of $350 by the insurer to the mortgagee, and the giving of the release and assignment. The insurer thereupon moved for and was granted a nonsuit as to the mortgagee. The jury awarded plaintiff the full amount of the policy, with interest. Thus it was determined by the judgment entered upon this verdict that the right of subrogation did not arise under the mortgagee clause, and the insurer acquired no interest in the mortgage by virtue of the assignment. Plaintiff thereupon tendered to the mortgagee the balance due on the mortgage, and, by an order entered on his motion in the foreclosure suit on December 24th, 1935, the bond and mortgage were canceled. And so, plaintiff received credit for the payment made by the insurer in satisfaction of its liability to the mortgagee under the policy.

Plaintiff invoked the process of the court to execute the judgment herein; whereupon the insurer deposited a sum sufficient to liquidate the judgment, and now, by the rule to show cause, seeks a determination of the issue thus raised.

In the circumstances, the insurer is entitled to credit on the judgment for the amount so paid to the mortgagee. It was justified, after the rendition of the judgment, in considering it a payment in discharge *pro tanto* of its liability to the insured owner. The law abhors double satisfaction of an obligation. While at common law the inquiry by the writ of *audita querela* was limited to a ground of discharge occurring subsequent to the entry of the judgment, and did not extend to matters arising before its rendition and the proper subject of a defense to the action, and, by the same token, the like limitation obtains under the modern practice of granting such relief in a summary way (*Lawrence* v. *Dickey*, 12 *N. J. L.* 368; 34 *C. J.* 725), that principle does not preclude the granting of the relief sought in the case at hand.

Concededly, the sum in question was paid by the insurer to the mortgagee, not in satifaction *pro tanto* of its liability to the owner of the insured property (any duty in the premises was denied), but in discharge of its obligation to the mortgagee under the independent contract which reserved to the insurer, where liability was disclaimed, the right of subroga-

tion. A plea of payment would not have been proper under the circumstances. The payment in satisfaction of the independent obligation was accompanied by a disavowal of liability to the owner. In that situation, the payment did not constitute a defense to this action by the owner for the full amount of the policy. *Columbia Insurance Co.* v. *Artale,* 112 *N. J. Eq.* 505; *affirmed,* 114 *Id.* 268.

The rendition of the instant judgment, whereby the insurer's claim to subrogation was determined adversely, entitled the insurer as of right to credit upon his liability to the owner for the payment thus made. This manifestly effectuates the common intention of the parties to the contract. Such a contract of insurance is one of indemnity merely, and the insured is entitled only to the loss sustained within the coverage. It would be palpably unjust to permit plaintiff to have full satisfaction of his judgment after having received partial payment through the application of the sum at issue to the mortgage debt. The insurer is not to be penalized because it undertook, in good faith, a defense which was not ultimately established to the satisfaction of the jury, and, in the meantime, paid to the mortgagee a sum in settlement of its conceded independent liability with a reservation of its asserted defense against the claim of the owner. Reason and justice dictate that this payment shall be treated as if made after judgment in performance of the insurer's contractual obligation to plaintiff and in discharge of that liability *pro tanto.* Compare *Martin* v. *Franklin Fire Insurance Co.,* 38 *N. J. L.* 140; same case on appeal, 40 *Id.* 568. The court, in such circumstances, is vested with equitable powers to so control its process as to prevent injustice. It possesses inherent power to protect its process against abuse. Compare *Sakos* v. *Byers,* 112 *Id.* 256.

The rule to show cause is therefore made absolute, with costs.