Louis E. Bower, Inc., Appellant, v. Joseph Silverstein, Appellee.

Gen. No. 40,316.

146

Opinion filed December 30, 1938. Rehearing denied January 13, 1939.

WILLIAM M. JOHNSON, of Chicago, for appellant.

FREEMAN & FREEMAN, of Chicago, for appellee; EARL FREEMAN, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

In November, 1935, Louis E. Bower, Inc., plaintiff, secured a tort judgment by default against defendant in the sum of $450, with a special finding of malice. Subsequently, October 27, 1937, defendant was taken into custody on a *capias ad satisfaciendum,* and thereafter released on bond. December 7, 1937, defendant filed a petition in the municipal court in the nature of a writ of *audita querela* and a writ of error *coram nobis,* asking that the judgment of November 7, 1935, be satisfied of record, or in the alternative, that it be vacated and that a trial be had on the merits. In April, 1938, the court impaneled a jury which returned a verdict finding that the judgment of November 7, 1935, had been satisfied. Judgment was entered on the verdict and the *capias* was ordered quashed. Plaintiff appeals on the common law record, no stenographic record of proceedings had before the court and jury having been preserved.

The petition in the nature of a writ of *audita querela* or writ of error *coram nobis* alleged in substance that a default judgment had been entered against petitioner in the sum of $450 and costs, together with a special finding of malice; that defendant was first apprised of the entry of judgment against him October 8, 1937, when he was apprehended on a *capias* issued by the municipal court; that the judgment was fraudulently and erroneously entered, for the following rea-

sons: that when suit was filed against him August 16, 1934, defendant employed counsel to represent him, and filed his appearance and affidavit of merits; that the hearing of the cause was continued from time to time, during which defendant appeared in court with his attorneys, ready for trial, on several occasions, and in each instance plaintiff secured continuances of the case; that November 8, 1934, and again April 22, 1935, the cause was dismissed for want of prosecution, because of plaintiff's failure to appear; that in September, 1935, defendant had a conversation with Louis E. Bower, president of plaintiff corporation, and asked him why he was pressing the suit, since all indebtedness due and owing from defendant had been settled long prior thereto; that Bower admitted that defendant was not indebted to plaintiff, and advised defendant that he should not pay any further attention to the suit then pending and that the reason plaintiff did not appear in court on the dates to which the cause was continued was because there was nothing due and owing plaintiff, and that Bower then and there informed defendant that he would instruct his attorney to dismiss the case; that, relying upon these promises, defendant left the city for South Haven, Michigan, where he had established his residence and place of business, and did not return to Chicago until October, 1936; that in October, 1937, defendant met Bower on the street, and in the course of a friendly conversation with him, gave Bower his business card, upon request, containing his address; that the next day the bailiff of the municipal court arrested defendant on the *capias* theretofore issued; that upon checking into the records of the litigation, defendant found that, contrary to his promises and representations, Bower had perpetrated a fraud upon the court by prosecuting the suit and securing the judgment, whereupon defendant consulted his attorneys who ad-

vised him that they had sought to get in touch with him to advise him that plaintiff was pressing the action, but did not know defendant's whereabouts.

It is further alleged that December 15, 1932, Harry Freeman, of the firm of Freeman & Freeman, as counsel for defendant, issued to Louis E. Bower his check in the sum of $1,100, bearing on the back thereof the following indorsement: "In full settlement, satisfaction and release of all chattel mortgages, and claims of Lewis E. Bower and Atlas Securities Company against World Battery Company and Joseph Silverstein and WSBC Radio Station." It is averred that this indorsement constituted full satisfaction and release of plaintiff's claims against defendant, and particularly the claim upon which the judgment is based, because the purported chattel mortgage, upon which the litigation is predicated, is alleged to have been executed April 8, 1931, and the default upon which suit under the mortgage is alleged to have occurred August 8, 1931, all antedate Freeman's check of December 15, 1932. It is further alleged that William Helfand, plaintiff's attorney in all the transactions between the parties, and particularly the one involved in this case, handled the transaction for plaintiff, and is willing to testify that the judgment procured was a fraud upon the court and without any warrant in fact.

Since the record on appeal contains no stenographic record of proceedings had before the court and jury, we assume that the verdict was sustained by substantial proof of the allegations made in the petition. (*Harkins v. Sherwood*, 207 Ill. App. 24; *Ramming v. Roland*, 198 Ill. App. 91.) Section 21 of the Municipal Court Act (Ill. Rev. Stat. 1937, ch. 37, par. 376 [Jones Ill. Stats. Ann. 108.046]) vests the municipal court with power to vacate or modify a judgment at any time by petition which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity. It is evident that the allegations of fraud con-

tained in defendant's petition were sufficient to constitute a good bill in equity, and it has been held that courts of equity always have jurisdiction to set aside a judgment on the ground of fraud. (*Nelson v. Rockwell,* 14 Ill. 375; *Miller v. Barto,* 247 Ill. 104.) Under section 21 of the Municipal Court Act, the municipal courts have the same jurisdiction. (*Izzi v. Ialongo,* 248 Ill. App. 90; *Schmalhausen v. Zukowski,* 183 Ill. App. 305.)

The law is likewise well settled that the court has power at any time to compel the satisfaction of a judgment. It was so held in *Hoag v. Starr,* 69 Ill. 365, and *Neal v. Handley,* 116 Ill. 418, 423. Under the allegations of the petition, it appears that all of Bower's claims against Silverstein, and particularly all claims arising out of chattel mortgages executed by defendant, were settled in full and satisfied by Freeman's check to Bower of December 15, 1932, for $1,100, and under the petition filed by defendant, the court adopted the proper procedure prescribed in similar situations. In *Harding v. Hawkins,* 141 Ill. 572, after affirming the court's power on motion to compel the entry of a satisfaction of judgment, the court said (p. 584): "In cases arising upon motion, it would seem that the same mode of trial ought to prevail as prevailed at common law in proceedings by the writ of *audita querela,* and such we find to be the practice. An issue is made, and sent to the jury to be tried, as any other issue of fact."

In the case of *Handley v. Moburg,* 266 Ill. App. 356, a petition was filed asking the court to vacate a prior judgment and that it be satisfied of record. We there cited and relied upon *Harding v. Hawkins, supra,* and held that "under this alternative prayer for relief, the trial court should have impanelled a jury for the sole purpose of trying the issue raised by the petition, namely, whether the judgment had been satisfied by the sale of the automobile." The circumstances of

that case were similar to the proceedings at bar and the decision is precisely applicable to this case.

In *Pyle v. Crebs,* 112 Ill. App. 480, it was represented that the judgment had been paid and ought therefore to be satisfied and discharged of record. The court held that the ancient writ of *audita querela,* or by motion in the nature of such a writ, which obtains in the practice of this State, affords an adequate remedy and that the relief sought was fully warranted.

Plaintiff contends, however, that the writ of *audita querela* will not lie for matters arising before judgment, where defendant had a legal opportunity to make his defense, and defendant agrees with this principle of law, but asserts, as was alleged in his petition, that he was prevented from presenting his defense or any defense by reason of plaintiff's fraudulent promise to dismiss the suit. In *Humphreys v. Leggett,* 50 U. S. 297, a like petition was filed to satisfy a judgment because defendant had been precluded from making a defense, and the court held that defendant was not guilty of laches, having lost the benefit of his defense by an accident over which he had no control, and was therefore in the same position as if the defense had arisen after judgment, entitling him to relief by *audita querela,* or a bill in equity for injunction.

Defendant's counsel cite *Lovejoy v. Webber,* 10 Mass. 101, as precisely in point. In that case Lovejoy filed a writ of *audita querela* to satisfy a judgment against him, alleging that prior to the entry of the judgment he had paid the indebtedness to Webber, who thereupon promised to dismiss the action; that nevertheless Webber fraudulently proceeded with the case and recovered judgment by default. Webber demurred to the writ on the ground that it would not lie for matters occurring prior to the entry of judgment, but the court upheld the writ and in so doing said: "If the facts averred in the writ are true, and these are now to be understood as confessed, the plaintiff in this

action, — defendant in the action wherein a judgment, as he alleges, has been fraudulently recovered against him, — had no opportunity of pleading the payment or discharge of the demand which he had adjusted. Before judgment was entered, indeed, the adjustment had been made, but with an understanding that the suit was thereby finally compromised, and was to be discontinued by the care of this defendant. In this the plaintiff was deceived; but the present defendant is not to avail himself of this fraud, which is pointedly, and, as he has confessed, truly alleged against him.''

In the case at bar the jury and the court found that the judgment upon which the issuance of the *capias ad satisfaciendum* was predicated had been fully paid and satisfied by defendant and it would be unconscionable to subject defendant to payment a second time. Since the record does not contain a stenographic report of proceedings, no question can arise as to the sufficiency of the evidence to challenge the verdict and judgment from which this appeal is prosecuted, and therefore the judgment of the municipal court should be affirmed. It is so ordered.

*Judgment affirmed.*

BURKE, P. J., and JOHN J. SULLIVAN, J., concur.