**Richard J. REYNOLDS, Appellant,**

v.

**Muriel M. REYNOLDS, Appellee.**

**No. 19607.**

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1962.

Rehearing Denied Nov. 29, 1962.

Richard M. Scarlett, Brunswick, Ga.,
Bruce D. Dubberly, Glennville, Ga., Phyl-

lis Kravitch, Aaron Kravitch, Savannah,
Ga., for appellant.

E. Smythe, Gambrell, Harold N. Hill,
Jr., Gambrell, Harlan, Russell, Moye &
Richardson, Atlanta, Ga., Charles C.
Stebbins, Jr., Darien, Ga., for appellee.

Before TUTTLE, Chief Judge,
BROWN, Circuit Judge, and JOHNSON,
District Judge

PER CURIAM.

After the divorce decree was entered
by the Georgia divorce court, the plaintiff there (appellant here) filed what he
variously describes as a petition, application or motion directed to the defendant (appellee here) to show cause why
certain life insurance policies which had
been produced by her under peremptory
order of that court should not now be adjudged to be "the property of" the plaintiff and possession of them "delivered
over to him." No process was issued or
served on defendant. The defendant, a
nonresident of Georgia, removed the case
to the United States District Court.
Thereafter she moved to dismiss for
want of jurisdiction because of inadequate process or service thereof.

The District Court, after extensive
hearings and on a record which details
every possible relation between such policies and the divorce proceeding, denied
the plaintiff's motion to remand. Thereafter the Court dismissed the cause for
lack of jurisdiction.

The District Court was right
on both scores. Neither ownership nor
right to possession of such policies was
an issue in, or determined by, the divorce
proceedings. The relief sought, by whatever name now described, was not ancillary. It was an independent, separate,
new proceeding which the defendant was
entitled to remove. Since it was not ancillary, the purported service by mere notice to defendant's divorce action counsel
was inadequate. Dismissal for want of
jurisdiction over the defendant was
therefore appropriate.

Affirmed.