**JAYS FOODS, INC., et al., Plaintiffs,**

**v.**

**LOCAL UNION #1, AMERICAN BAKERY AND CONFECTIONERY WORKERS' INTERNATIONAL UNION, AFL-CIO, an unincorporated association, and Peter W. Carbonara, Fred Kiedaisch, Steven S. Smagala, Arthur Gburek, Frank Hoffman, Individually and as officers, agents and representatives of said unincorporated association and the members thereof, Defendants.**

**No. 64 C 126.**

United States District Court
N. D. Illinois.
July 11, 1966.

---

4. Yates v. State, 253 Miss. 424, 175 So.2d 617 (1965).

Blanksten & Lansing, Chicago, Ill., for plaintiffs.

Gilbert A. Cornfield, Kleiman, Cornfield & Feldman, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

CAMPBELL, Chief Judge:

Plaintiffs are presently before the court on motion to remand this cause back to the state court. (28 U.S.C.A. § 1447(c)). The cause was originally filed in the Superior Court of Cook County, Illinois (now the Circuit Court of Illinois, Cook County, Illinois) and therefrom removed to this court by the defendants.

Defendants, in support of removal and in opposition to the instant remand motion, argue several grounds upon which they predicate this court's jurisdiction over the complaint. They correctly call attention to the fact that the actions alleged in the complaint took place at a time when the defendant labor union was involved in union organizing campaign activities directed at the employer plaintiff's employees. Defendants further reason that the acts about which plaintiffs complain would, if true, constitute unfair labor practices. From these premises defendants conclude that its alleged activities were " * * * within the scope of supervision exercised by the National Labor Relations Board." (Defendants' Petition for Removal, par. #1).

Assuming the accuracy of defendants' syllogistic premises and their resulting broadly stated conclusion, the National Labor Relations Board, and not this court would have *exclusive* jurisdiction over such labor disputes. 29 U.S.C.A.

824

§ 160; Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776 (A.F.L.), 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; N. L. R. B. v. International Union, United Automobile, Aircraft etc. (C.A.7th Cir.) 194 F.2d 698.

■ Moreover, defendants contention that labor dispute involvement deprives the state courts of jurisdiction further serves to preclude removal jurisdiction in this court. Assuming without accepting defendants' argument that the state court is and was without jurisdiction it necessarily must and does follow that this court is also without jurisdiction. Removal jurisdiction cannot be equated with original jurisdiction. Jurisdiction on removal is necessarily derivative; where jurisdiction was initially lacking in the state court it is equally lacking in the federal court, Lambert Run Coal Co. v. Baltimore and O. R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Venner v. Michigan Cent. R. Co., 271 U.S. 127, 46 S.Ct. 444, 70 L. Ed. 868. This result obtains even where, as defendants argue the facts to be here, the case is one over which the federal courts have exclusive jurisdiction. General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244.

In its present posture the complaint fails to distinguish between common law tort allegations and injunctive relief matters arising out of alleged unfair labor practices. However, this distinction or failure of distinction has no effect on the present absence of federal jurisdiction.

■ To the extent that the complaint can be read as alleging a common law tort cause of action, notwithstanding the prior necessary relationship of such action to employer-employee unfair labor disputes, state courts, or even this court assuming a proper jurisdictional base such as diversity of citizenship, would have jurisdiction. United Const. Workers, etc. v. Laburnum Corp., 347 U.S.

656, 74 S.Ct. 833, 98 L.Ed. 1025. On the other hand, to the extent that the complaint alleges and seeks to enjoin unfair labor practices, not only this but the state court as well is precluded from exercising jurisdiction. Garner v. Teamsters, Chauffeurs and Helpers Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228.

The above legal comments, albeit gratuitous, are included merely to introduce the last of defendants' federal jurisdiction arguments. In an obvious attempt to avoid the holding in the United Workers' case wherein the Court specifically acknowledged state court jurisdiction over common law tort matters notwithstanding their interdependence upon past labor dispute matters, defendants now argue that their defenses to the complaint might require interpretations of the National Labor Relations Act.

■ As already observed in this Memorandum such interpretations, where in fact required, are to be made in the first instance by the National Labor Relations Board and not the district courts. However, still another more fundamental procedural reason requires the return of this case to the state court. Since State Tennessee v. Union and Planters Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511, an 1894 decision, it has been accepted that removal jurisdiction cannot be predicated upon a defense based upon federal law where the complaint itself is essentially non-federal.

■■ On the basis of the complaint, the removal petition and the motion to remand it is apparent that the instant case is not one arising under the Constitution or laws of the United States over which this court has jurisdiction.

Accordingly, plaintiffs' motion to remand this case to the appropriate state court from which it was removed is granted without costs. The Clerk of the Court is directed to prepare and mail a certified copy of this order of remand to the Clerk of the Circuit Court of Illinois, Cook County, Illinois.