Robert E. **KEAY**

v.

**EASTERN AIR LINES, INCORPORATED.**

Civ. A. No. 66–910.

United States District Court
D. Massachusetts.

April 24, 1967.

Morris Goldings, Mahoney, McGrath, Atwood, Piper & Goldings, Boston, Mass., for plaintiff.

James C. Heigham, Boston, Mass., for defendant.

### OPINION

WYZANSKI, Chief Judge.

This case is before this Court on defendant's motion for summary judgment.

This proceeding was commenced December 8, 1966 in the Superior Court of the Commonwealth of Massachusetts by an "application for confirrmation of arbitration award under G.L. Chapter 150A [intended, no doubt, to be cited as '150C'], Section 10," and was removed to this Court pursuant to 28 U.S.C. § 1441(a).

The application is vague in many aspects. But, aided by the affidavits, the application can fairly be interpreted as presenting the following case.

Plaintiff in this Court, called "petitioner" in the state court, is a Massachusetts citizen, who has been employed as a pilot by Eastern Air Lines, Incorporated, a Delaware corporation, called respondent in the state court and defendant in this court.

Plaintiff is a member of Air Line Pilots Association, International, a labor organization, with which defendant has a labor contract containing a provision for the submission of certain grievances to arbitration before a System Board of Adjustment. Plaintiff sought from defendant disability retirement benefits under a Pilots Variable Benefits Retirement Plan. Defendant refused benefits on the ground that plaintiff was not "disabled as a result of physical reasons."

Regarding this as a grievance, plaintiff, pursuant to the contract, presented

to the Board the issue whether plaintiff "is permanently disabled as a result of physical reasons, entitling him to receive the benefits of an existing Variable Retirement Plan." May 1, 1965 the Board rendered its decision. It found that plaintiff's condition qualified him as being "permanently disabled for physical reasons", and entered the following declaration "Award: Grievance sustained." It did not supplement that declaration with any order directing defendant Eastern Air Lines to make payments or take other action. Nor does the declaration show how payments are to be computed.

In the state court the present plaintiff prayed that the Superior Court confirm that so-called award and order that under its terms defendant pay benefits at the rate of $200 a month commencing July 1964.

After the foregoing application was removed to this Court, defendant moved for summary judgment. Uncontradicted affidavits, attached to the motion, show that after the Board rendered its May 1, 1965 decision, plaintiff claimed he was entitled to $200 a month, and defendant admitted liability for only $100 a month. Thereupon, plaintiff, on the basis of that difference, asserted a grievance, which the Board denied on March 18, 1965, nine months before plaintiff filed its application in the state court.

From the foregoing statement it appears that the Board on May 1, 1965 merely declared that plaintiff had a condition which made him eligible to participate in a plan, but it did not decide at what rate plaintiff was to be paid, nor did it order defendant to make payments in accordance with any specific formula. Plaintiff now prays first that the Court confirm the award and second that the Court order defendant make payments not specifically referred to in the award.

■ Our initial inquiry must be as to the jurisdiction of this Court. Inasmuch as this is a removed case, this Court has jurisdiction only if the state court had jurisdiction over the petition. Freeman v. Bee Mach. Co., Inc., 319 U.S.

448, 63 S.Ct. 1146, 87 L.Ed. 1509; State of Minnesota v. United States, 305 U.S. 382, 388–389, 59 S.Ct. 292, 83 L.Ed. 235; Lambert Run Coal Company v. Baltimore & Ohio Railroad Company, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Beckman v. Graves, 360 F.2d 148 (10th Cir.).

■ It is clear that the state court had, and hence this Court has, no jurisdiction to order defendant to make payments to plaintiff. Questions with respect to arbitral and other provisions of collective bargaining contracts between air carriers and their employees, and the enforcement of arbitral awards pursuant thereto are governed by § 204 of the Railway Labor Act. International Association of Machinists etc. v. Central Airlines Inc., 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67. Under that Act there are provisions for boards of adjustment. Such a board has the exclusive power initially to determine whether plaintiff Keay has a meritorious grievance with respect to his claim to $200 a month as compensation. If, as plaintiff claims, the board has merely determined that he is physically disabled but has not determined that the employer should pay $200 a month, the state court is, (and therefore this Court is,) without jurisdiction to order the employer to make such payments. Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Railway Conductors of America v. Southern Railway Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811. If, as defendant claims, and as its affidavits show, the board has entered an order denying plaintiff's claim of $200 a month, plaintiff has not brought proceedings against the board to set aside its order.

■ Moreover, even if plaintiff had sued the board to set aside its award, the state court would not have had jurisdiction. Congress provided for a federal court proceeding to set aside or confirm awards of such boards. 45 U.S.C. § 159. There are strong reasons to suppose that this provision for review in the federal courts was intended to be

exclusive and to preclude direct review of the board's orders in a state court. Perhaps the strongest is that Congress directed that an award of a board "shall be filed in the clerk's office of the [United States] district court." [45 U.S.C. § 159 First] and that in the same office there is to be filed any petition to impeach the award. [45 U.S.C. § 159 Second]. Moreover, in other parts of the cited section Congress specified what standards and procedures are to be followed in reviewing such an award. It is most unlikely that those procedures could be uniformly applied by state courts, even if they were free to proceed with respect to an award required to be filed in a federal court.

The rule enunciated in Morceau v. Gould-National Batteries, Inc., 344 Mass. 120, 181 N.E.2d 664, following Charles Dowd Box Co. Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, that a state has concurrent jurisdiction with federal courts to enforce or vacate an arbitral award made by virtue of a collective bargaining agreement within the ambit of § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), does not apply to actions to enforce or vacate an arbitral award made by virtue of the Railway Labor Act. Congress did not provide special procedural machinery for enforcement or vacation of arbitral awards made pursuant to § 301(a) contracts, (see Charles Dowd Box Co. Inc. v. Courtney, 368 U.S. 502, 507, 82 S.Ct. 519, 7 L.Ed.2d 483), and so there was no sufficient basis for inferring that Congress intended to depart from the general rule that state and federal courts have concurrent jurisdiction over cases under federal law. But the enactment of special provisions for federal court review of Railway Labor Act arbitrations, and the detailed directions as to the place for filing the award and the petition for impeachment or review show that there would be if not an incompatability, at least an incongruity in state court review.

The reasoning which has led this Court to conclude that the Massachusetts state court had no jurisdiction to vacate the Board's order requires this Court to hold that the state court also had no jurisdiction to confirm the Board's order, in accordance with the first prayer in the plaintiff-petitioner's application.

Application dismissed for want of jurisdiction.