**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Plaintiff-Appellee,**

v.

**Howard B. QUINN, Defendant-Appellant.**

**Nos. 17251 and 17252.**

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1969.

Howard B. Quinn, Samuel E. Hirsch, Chicago, Ill., for defendant-appellant.

John M. Duffy, Emmet McCarthy, David A. Stall, Frank K. Neidhart, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and KERNER, Circuit Judges, and GRANT,* District Judge.

GRANT, District Judge.

The tortuous history of these cases began on 7 February 1964 when appellee, Federal Savings and Loan Insurance Corporation (Federal), as assignee, sued Quinn on a note in the state court. A confession judgment in Federal's favor, in the amount of $457,702.77, was entered on 11 February 1964. Quinn's state court motion to vacate this judgment was denied on 19 November 1964. On 29 March 1968, after much procedural skirmishing not here relevant, the state court granted Quinn leave to file his Second Amended Counterclaim and Petition for Accounting (Counterclaim). The first three counts thereof raised claims sounding in tort. In count four, appellant complained that he had paid $236,-585.00 on the note and he was given no credit for that on the confession judgment. Count five charged inequitable conduct by Federal and prayed for an accounting under court direction. All of the claims were denominated counterclaims under Illinois practice.

Federal responded to Quinn's Counterclaim on 3 May 1968 by filing a removal petition in the court below, relying upon a special removal statute, 12 U.S.C. § 1730(k), (1).[1] The district court granted Federal's subsequent Motion to Dismiss (directed toward counts one, two, three and five of the Counterclaim) and Motion for Summary Judgment (directed toward count four of the Counterclaim) and on 30 September 1968 entered judgment orders dismissing the Counterclaim with prejudice. Quinn appeals from these adverse judgments. We reverse the judgment entered on the Motion to Dismiss and affirm the judgment entered on the Motion for Summary Judgment.

## THE MOTION TO DISMISS

Appellant, now for the first time, challenges the district court's subject matter jurisdiction. This, of course, is permissible, even at this late date. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); United States v. Tyrrell, 329 F.2d 341 (7th Cir. 1964).

Federal was created by Act of Congress on 27 June 1934 as a corporation acting primarily as an instrumentality of the United States. 12 U.S.C. § 1725(c). Inasmuch as the Federal Deposit Insurance Corporation is a federal agency within the meaning of 28 U.S.C. § 1346(b), James v. Federal Deposit

---

* Judge Grant from the United States District Court for the Northern District of Indiana, sitting by designation.

1. 12 U.S.C. § 1730(k) (1) provides in pertinent part:
Notwithstanding any other provision of law * * * (B) any civil action, suit, or proceeding to which the Corporation [Federal] shall be a *party* shall be deemed to arise under the laws of the United States * * * and (C) the Corporation may * * * remove any such action, suit, or proceeding from a State court to the United States district court * * *. (Emphasis added.)

Ins. Corp., 231 F.Supp. 475 (W.D.La. 1964); Freeling v. Federal Deposit Ins. Corp., 221 F.Supp. 955 (W.D.Okla.1962), aff'd, 326 F.2d 971 (10th Cir. 1963), Federal, being indistinguishable from the Federal Deposit Insurance Corporation in terms of its relationship with the United States of America, is likewise entitled to the benefits of 28 U.S.C. § 1346 (b), one of which is the right to be sued in a United States district court, subject only to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Section 1346(b), with the noted exception, gives the United States district court exclusive jurisdiction over tort claims sought to be asserted against Federal. The state court, therefore, had no jurisdiction over the first three counts of Quinn's Counterclaim. It follows, accordingly, that the district court was also deprived of subject matter jurisdiction thereof. The rule, simply stated, is that removal jurisdiction is to a certain extent derivative so that where, as here, the state court lacks subject matter jurisdiction, the federal court acquires none on removal, even though the latter would have had jurisdiction had the action been originally filed there. Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed 235 (1939) (condemnation proceeding); General Investment Co. v. Lake Shore Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922) (injunction action for Sherman Act violation); Lambert Run Coal Co. v. Baltimore & Ohio RR., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922) (action to stay I.C.C. order); American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (principle recognized but not applicable on facts); Koppers Co. v. Continental Cas. Co., 337 F.2d 499 (8th Cir. 1964) (suit on Capehart Act payment bond); Keay v. Eastern Air Lines, Inc., 267 F.Supp. 77 (D.Mass.1967) (suit for confirmation of arbitration award); 1A Moore, Federal Practice ¶ 0.157[3] n. 6 *Cf.* Beckman v. Graves, 360 F.2d 148 (10th Cir. 1966); Jay Foods, Inc. v. Union, 255 F.Supp. 822 (N.D.Ill.1966).

The teaching of these cases is that when faced with this situation, the district court should dismiss the claims without prejudice for lack of subject matter jurisdiction.

Count five of the Counterclaim, the petition for accounting, presents a somewhat different problem. The sovereign immunity of the United States also protects Federal on the non-tortious claims asserted against it. Immunity is not determined by the names of the titular parties but by the quite practical test of whether a judgment against the party would have to be satisfied from the United States Treasury. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 109, 91 L.Ed. 1209 (1947); Reconstruction Finance Corp. v. MacArthur Mining Co., Inc., 184 F.2d 913 (8th Cir. 1950). The defense of sovereign immunity, which is jurisdictional, United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940), can, however, be waived either by statute or the filing of a suit.

No one has suggested, nor are we able to unearth, any statute by which the United States has consented to be sued for an accounting. Nor was immunity waived here by the filing of suit, because the waiver of immunity is limited to matters in recoupment arising out of the same transaction or occurrence which is the subject matter of the suit, to the extent of defeating the plaintiff's claim. Waiver does not extend to what federal procedure terms "permissive" counterclaims, see Fed.R.Civ.P. 13(b), claims for affirmative relief in excess of or different in kind from that sought by the plaintiff. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); Frederick v. United States, 386 F.2d 481 (5th Cir. 1967) and cases cited therein. Here, Federal, by its complaint, sought money damages. In count five of his Counterclaim, appellant sought an accounting under court direction. This was clearly an attempt to secure affirmative relief. *See* United States v. Failla, 120 F.Supp. 797 (D.N.J.

1954), aff'd, 219 F.2d 212 (3d Cir. 1955). The state court, therefore, had no jurisdiction to entertain count five of the Counterclaim. For this reason, the district court lacked removal jurisdiction to adjudicate this matter.[2] Count five of the Counterclaim should have been dismissed without prejudice.

## THE SUMMARY JUDGMENT MOTION

Quinn argues that the district court had no jurisdiction to adjudicate his claim for credit, count four of the Counterclaim, because Federal did not remove the entire state court case but only his Counterclaim.

Under the general removal statute, 28 U.S.C. § 1441, only independent suits are removable.[3] Bondurant v. Watson, 103 U.S. 281, 26 L.Ed. 447 (1880); First National Bank v. Turnbull, 83 190, 16 Wall. 190, 21 L.Ed. 296 (1873); Reynolds v. Reynolds, 309 F.2d 395 (5th Cir. 1962); Nowell v. Nowell, 272 F.Supp. 298 (D.Conn.1967). A supplementary proceeding, a proceeding which is substantially a continuation of a prior suit, is not removable. Barrow v. Hunton, 99 U.S. 80, 25 L.Ed. 407 (1879). See generally, 1A Moore, Federal Practice ¶ 0.157 [4–11]. The question of whether or not a controversy is a separate suit for removal purposes is ultimately a federal question involving the interpretation and application of the removal statutes. Ward v. Congress Const. Co., 99 F. 598 (7th Cir. 1900). The characterization imparted to a proceeding by state law is not, in the final analysis, determinative. If the proceeding is the equivalent of the common law practice of moving to set aside a judgment for irregularity, it is supplementary and not removable. Barrow v. Hunton, 99 U.S. 80, 25 L.Ed. 407 (1879). Likewise, a counterclaim, in the sense of a responsive pleading which raises litigable issues beyond the scope of the pleading to which it is directed, is not removable. West v. Aurora City, 73 U.S. 139, 6 Wall. 139, 18 L.Ed. 819 (1868).[4] On the other hand, a proceeding which is the equivalent of a common law suit or equitable action to secure relief from an existing judgment, is an independent action and, hence, removable, Carver v. Jarvis-Conklin Mortgage Trust Co., 73 F. 9 (Tenn.1896); Pelzer Mfg. Co. v. Hamburg-Bremen Fire Ins. Co., 62 F. 1 (S.C.1894); Stackhouse v. Zunts, 15 F. 481 (La.1883), regardless of whether or not the pro-

2. Neither would the district court have had original jurisdiction to adjudicate count five of the counterclaim because of Federal's sovereign immunity.

3. This is not to be confused with the independence suit concept under 28 U.S.C. § 1441(c). See 1A Moore, Federal Practice ¶ 0.157 [4–11] at 171.

4. West held that a counterclaim remaining in the state court after a plaintiff had dismissed his complaint was not an independent suit within the meaning of Section 12 of the Judiciary Act of 1789. The decision was grounded on a twin rationale, application of the independent suit rule and invocation of the principle that a defendant on a counterclaim is not a defendant for removal purposes. See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (28 U.S.C. § 71 (1911)); 1A Moore, Federal Practice ¶¶ 0.157 [7], 0.167 [8]. The latter principle is inapplicable here because Federal removed under a special statute, 12 U.S.C. § 1730(k) (1), which gave it the power to remove "any civil action, suit, or proceeding" to which it is a party. See note 1, supra. Compare 12 U.S.C. § 1819 with U.S.C. § 632.

There is no indication that antiquity or any other cause has weakened the precedential authority of West for the proposition that a counterclaim, by itself, is not a removable suit. Nor does the fact that Congress, under 12 U.S.C. § 1730(k) (1) (C), empowered Federal to remove any "civil action, suit, or proceeding" to which it is a party indicate an intention to abrogate the separate suit rule of West because the terminology "civil action, suit, or proceeding" is merely Congress' prolix way of referring to a civil suit. See 12 U.S.C. § 1819.

For these reasons, if Quinn's Counterclaim were, in substance, a counterclaim, it would not have been removable.

ceeding sought to be removed is independent in *form,* Richmond & D. R. Co. v. Findley, 32 F. 641 (Ga.1887).

We do not think that Quinn's Counterclaim can, for present purposes, be classified as an unremovable counterclaim, or as a supplementary proceeding. The entire thrust of count four of the Counterclaim was to present a defense to the existing confession judgment on the basis of facts existing prior to its rendition. Quinn sought to prevent Federal from keeping its judgment for the full face value of the note sued upon on the ground that he had not been given credit for certain sums alleged to have been paid in satisfaction of the note. In substance, though not form, this was the equivalent of suing on the common law writ of audita querela. See Luparelli v. United States Fire Ins. Co., 117 N.J.L. 342, 188 A. 451 (1936), aff'd, 118 N.J.L. 565, 194 A. 185 (1937). *Cf.* Louis E. Bower, Inc. v. Silverstein, 298 Ill.App. 145, 18 N.E.2d 385 (1939). And audita querela was an independent common law proceeding. 7 Moore, Federal Practice ¶ 60.13 n. 8. Thus, removal of only the Counterclaim was proper.

It also appears that there was no impediment to the jurisdiction of either the state court or the district court to adjudicate the issues raised by count four of the Counterclaim. Federal waived its immunity to count four of the Counterclaim in the state court by the filing of its complaint, because count four merely sets up a matter in recoupment arising out of the same transaction that was the subject matter of the suit, see Fed.R.Civ.P. 13(a), to diminish the amount of Federal's claim. Frederick v. United States, 386 F.2d 481 (5th Cir. 1967). While it is true that sovereign immunity would have barred any attempt by Quinn to invoke the substantive principles of the writ of audita querela by means of a formally independent proceeding in the state court, Avery v. United States, 79 U.S. 304, 12 Wall. 304, 20 L.Ed. 405 (1870), Quinn raised the issue by means of a motion for leave to file his Counterclaim. Since this was part of the original state court action, sovereign immunity presented no bar. Jones v. Watts, 142 F.2d 575, 163 A.L.R. 240 (5th Cir. 1944).

Nor was jurisdiction lacking because of appellant's failure to comply with 28 U.S.C. § 2406.[5] That statute, by express terms, was inapplicable because at no time in the courts below did Quinn seek to introduce evidence to support his claim that he was entitled to credit.[6]

Quinn's argument that Federal had no right to remove his Counterclaim because a defendant on a counterclaim is not considered a "defendant" for purposes of the general removal statute, 28 U.S.C. § 1441, see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), misses the mark. Removal was effected by a special removal statute which gave Federal the power to remove any suit to which it was a *party.* See notes 1 and 4, *supra.*

Several other points presented by appellant, *viz.,* that removal was not timely and that the district court did not follow the law of the case in granting Federal's Motion for Summary Judgment, are raised for the first time on this appeal. Absent jurisdictional questions and exceptional cases where justice otherwise demands, we do not consider issues first raised on appeal. United States v. Tyrrell, 329 F.2d 341 (7th Cir. 1964). These issues do not present

---

5. 28 U.S.C. § 2406, with some exceptions, prohibits a defendant from introducing evidence in support of a claim for credit unless his claim has first been disallowed by the General Accounting Office.

6. Furthermore, 28 U.S.C. § 2406 is not applicable in a case such as this where the claim for credit arises out of the same transaction or occurrence which is the subject of the complaint. Frederick v. United States, 386 F.2d 481 (5th Cir. 1967).

a jurisdictional question or an exceptional case.

The judgment entered on Federal's Motion for Summary Judgment is affirmed. The judgment entered on Federal's Motion to Dismiss is reversed and remanded to the district court with directions to dismiss the remaining counts of the Counterclaim without prejudice.